**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 17, 2024

Joseph L. Christensen, Esquire
Meghan M. Dougherty, Esquire
Christensen & Dougherty LLP
1201 N. Market Street, Suite 1404
Wilmington, Delaware 19801

Robert L. Burns, Esquire
Daniel E. Kaprow, Esquire
Kyle H. Lachmund, Esquire
Nicole M. Henry, Esquire
Nicholas F. Mastria, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:  *William J. Brown v. Matterport, Inc., et al.*,
C.A. No. 2021-0595-LWW

Dear Counsel:

I write regarding plaintiff William J. Brown's motion for reconsideration (the "Motion").[1]  Brown contends that this court erred in fixing the rate of post-judgment interest applicable to damages awarded in a May 28, 2024 memorandum opinion.  That decision set the rate of both pre- and post-judgment interest at 5.25%.[2]

Brown's Motion is brought under Court of Chancery Rule 59(f).  "To succeed and obtain reargument, the moving party must demonstrate that the

---

[1] Pl. William J. Brown's Mot. for Recons. with Respect to Post-J. Interest Rate (Dkt. 328) ("Mot.").

[2] Mem. Op. (Dkt. 327) 51.

Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law."[3]

Brown argues that in adopting a post-judgment interest rate of 5.25%, I "overlooked a controlling decision or principle of law that would have a controlling effect."[4]  He correctly states that 6 *Del. C.* § 2301 requires the rate of post-judgment interest to be based on the legal rate in effect when a judgment is entered.[5]  Based on that rule, he implores me to reconsider adopting the same rate for both pre- and post-judgment interest.

Brown would have a point if I had yet to enter a judgment.  But I granted a partial final judgment on Count I—the claim for which he was awarded damages—on January 12, 2022, after the phase one trial.[6]  The Federal Discount Rate on the date of that partial judgment was 0.25%, which happens to be the same rate that applied on November 22, 2021 when pre-judgment interest began to accrue.[7]  The

---

[3] *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (citation omitted), *aff'd*, 984 A.2d 124 (Del. 2009) (TABLE).

[4] Mot. ¶ 2 (quoting *Pharmerica Long Term Care Inc. v. New Castle RX, LLC*, 2010 WL 5130746, at *2 (Del. Ch. Dec. 8, 2010)).

[5] *See Noranda Aluminum Hldg. Corp. v. XL Ins. Am., Inc.*, 269 A.3d 974, 979 (Del. 2021) (holding that Section 2301(a) "unambiguously requires that post-judgment interest accrue at the legal rate that was in effect on the date of judgment").

[6] Order and Partial Final J. (Dkt. 125).

[7] Nasdaq, *Federal Discount Rate (DISC) Historical Data*, https://www.nasdaq.com/market-activity/fixed-income/disc/historical?page=7&rows_per_page=100&timeline=y5 (last visited June 16, 2024).

final order I have yet to enter concerns the amount of damages for the prior partial judgment and judgment in Matterport's favor on the remaining counts.[8]

Post-judgment interest was therefore appropriately set based on the date of judgment on Count I.  No controlling principle of law was overlooked.  The Motion is denied.  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[8] Interest rates have risen dramatically since the phase one partial final judgment.  *See supra* note 7 (reflecting that the current Federal Discount Rate is 5.50%).  To separate the date for setting post-judgment interest from the date that judgment was entered would risk interest rate arbitrage.